73 So.2d 844 (1954)
GRIFFIN
v.
WORKMAN.
Supreme Court of Florida, Special Division A.
July 2, 1954.
*845 Carlton L. Welch, Jacksonville, for appellant.
Marks, Gray, Yates & Conroy, Jacksonville, for J.D. Workman.
J.L. Blackwell, Live Oak, and A.K. Black, Lake City, for Florrie Adams as Administratrix of Estate of C. Leroy Adams, Jr., deceased.
SEBRING, Justice.
This is an appeal from a final order entered by the Circuit Court for Suwannee County granting a motion to dismiss the complaint in an action brought under the wrongful death statute, on the ground that the plaintiff in the cause did not have legal capacity to maintain the suit.
The pleadings and exhibits in the cause reflect that on November 28, 1950, Johnny Reece Griffin, a minor, died intestate. On November 26, 1952, his father instituted an action in the Circuit Court for Suwannee County to recover damages to the estate of the decedent, the complaint being styled as a suit by "Jesse Phillip Griffin, Sr., as Administrator of the Estate of Johnny Reece Griffin, deceased." The father, at the time of the institution of suit, was not in fact the administrator of the estate.
Two days after the suit was filed, the father petitioned the County Judge of Suwannee County to be appointed administrator and the appointment was made; the order of appointment reciting that "upon taking the oath prescribed by law and giving a [specified bond] letters of administration * * * [will] be granted * * *."
On January 9, 1953, one of the defendants in the wrongful death action filed a motion to dismiss the cause on the ground that "There has been no administrator appointed to administer upon the Estate of Johnny Reece Griffin, deceased * * *." Attached to the motion was a certificate of the county judge to the effect that as of January 8, 1953, no letters of administration had been issued as to the estate.
On January 15th, the daughter of Jesse Phillip Griffin, Sr., with the consent of her father, was appointed by the County Judge of Suwannee County, and became duly qualified in his stead as administratrix of the estate of her deceased brother. She immediately filed a motion in the wrongful death action for leave "to amend the Complaint * * * by substituting [her] name as administratrix in the stead and place of the name of Jesse Phillip Griffin, Sr., presently named plaintiff as administrator in said estate."
The motion to dismiss the complaint in the wrongful death action came on for hearing in the circuit court on January 15, the same day that the daughter had replaced her father as personal representative of the estate, and the motion for her substitution as party plaintiff was filed in the wrongful death action. With these facts before him, the judge of the circuit court made no ruling on the motion for substitution filed by the daughter as administratrix but, by an order dated January 30, granted the motion of the defendant and dismissed the cause at the cost of the plaintiff.
Thereafter, on January 31, 1953, the County Judge of Suwannee County accepted the resignation of the daughter as administratrix and thereupon appointed the father, Jesse Phillip Griffin, Sr., as administrator, and letters were duly and regularly issued to him. The motion for substitution was then withdrawn and Griffin filed a petition for rehearing, alleging therein that the delays and substitutions in the probate proceedings had been the result of illness and mistake, and requesting clarification of the ground upon which the complaint had been dismissed. From the original order of dismissal, and a subsequent order denying rehearing and specifying lack of capacity as the ground for dismissal, this appeal has been taken.
The appellant contends that the circuit court erred in refusing to grant the motion for substitution of the duly qualified administratrix as plaintiff in the suit, so as to give effect to the proceedings by which the daughter was appointed and qualified to serve in her father's place, as amounting to a ratification and validation of the action *846 originally taken by the father in commencing suit on behalf of the estate; and in denying the petition for rehearing filed by Griffin after his ultimate qualification as personal representative and withdrawal of the motion for substitution.
We have the opinion that the circuit court committed reversible error in not allowing the cause to proceed after letters of administration had been issued in the probate proceedings, and in refusing to relate the issuance of the letters back to the time of the beginning of the suit. The claim which formed the basis for the wrongful death action was a claim of the estate of the decedent; indeed, was the only asset of the estate. The suit was brought on behalf of the estate by the person who was immediately entitled to administration. Section 732.44(2), Florida Statutes 1951, F.S.A. No fraud or inequity is involved, and no new cause of action would have been presented by allowing the father to prosecute the action to a conclusion. We think, therefore, that the issue is ruled by the ancient doctrine "that whenever letters of administration or testamentary are granted they relate back to the intestate's or testator's death. * * * The doctrine has been accepted with virtual unanimity, since it was promulgated, in a long line of cases." Annotation, 26 A.L.R. 1360. Under this doctrine "all previous acts of the representative which were beneficial in their nature to the estate and * * * which are in their nature such that he could have performed, had he been duly qualified, as personal representative at the time, are validated." 21 Am.Jur., Exec. & Admin., section 211; Schouler on Wills, Executors and Administrators, 5th ed., Vol. 2, p. 1176.
A wide variety of acts and conduct by a party acting in behalf of an estate when he was not properly qualified have been held to be validated or ratified by his subsequent qualification as administrator. A few of the many examples that might be cited are: an advancement to a distributee, McAleer v. Cawthon, 215 Ala. 674, 112 So. 251; the sale of estate property, Shawnee Nat. Bank v. Van Zant, 84 Okla. 107, 202 P. 285, 26 A.L.R. 1349; the execution of a deed, Wilson v. Wilson, 54 Mo. 213.
More specifically in point, it has been held that where a wrongful death action was instituted by a party "as administrator," his subsequent appointment as such validated the proceeding on the theory of relation back. Archdeacon v. Cincinnati Gas & Electric Co., 76 Ohio St. 97, 81 N.E. 152. In the opinion the court pointed out that the institution of suit "was not a void performance, being an act done during the interim which was for the benefit of the estate. It could not be otherwise, for it was an attempt to enforce a claim which was the only asset of the estate. This rule is sustained by a large number of authorities, and * * * appears, also, to be just and equitable. * * * the proceeding was not a nullity. It was, on the other hand, a cause pending in which, by the liberal principles of our Code, the party plaintiff, though lame in one particular, might be allowed to cure that defect and proceed to a determination of the merits." Archdeacon v. Cincinnati Gas & Electric Co., supra [76 Ohio St. 97, 81 N.E. 154]. Followed in Anderson v. Union Pac. R. Co., 76 Utah 324, 289 P. 146.
Upon the same theory, it was held in Clinchfield Coal Corp. v. Osborne's Adm'r, 114 Va. 13, 75 S.E. 750, that a wrongful death action instituted by a party prior to the time he was appointed administrator may be deemed validated and ratified upon subsequent qualification of the personal representative; and in Bellheimer v. Rerucha, 124 Neb. 399, 246 N.W. 867, that an amended petition was properly filed to show appointment of a plaintiff widow as administratrix after commencement of suit but before answer. The fact that the decisions cited above rested, in part, upon certain peculiarities of the pleadings does not, in our opinion, alter the force of the reasoning. Indeed, in those cases cited by the appellee in which a court has refused to uphold an action instituted by a party as personal representative prior to his qualification as such, there seems, in each instance, to have been involved the additional fact that the statute of limitations had run before the *847 plaintiff's appointment as administrator, and that this defense, as is required under our law, had been specifically invoked by the defending party. Pearson v. Anthony, 218 Iowa 697, 254 N.W. 10; Reynolds v. Lloyd Cotton Mills, 177 N.C. 412, 99 S.E. 240, 5 A.L.R. 284. Compare Puleston v. Alderman, 148 Fla. 353, 4 So.2d 704, at page 707; Proctor v. Schomberg, Fla., 63 So.2d 68.
Upon the record in the case at bar, the affirmative defense of the statute of limitations is not involved, the issue being simply whether or not the court erred in granting a motion to dismiss for lack of capacity without consideration or disposition of the then pending motion by the duly qualified administratrix, for substitution as party plaintiff in the cause.
But even if this were a case in which the statute had been duly pleaded, that factor alone would not have necessarily changed our conclusion in the pending matter. In an Ohio case in which the defense of limitations had been duly invoked by defendants in response to an amended petition showing proper qualification subsequent to commencement of suit, by a plaintiff who sued "as administrator," the court, in clear and cogent language, with which we agree, held that the action was valid and subsisting:
"Whether the substitution of a party plaintiff, having capacity to bring the suit, in the stead of the original plaintiff who filed the action without capacity to bring the suit, is a change in the original cause of action depends entirely upon the allegations in the amended petition. The mere substitution of parties plaintiff, without substantial or material changes from the claims of the original petition, does not of itself constitute setting forth a new cause of action in the amended petition. As was said in the opinion in the case of Van Camp v. McCulley, Trustee, supra [89 Ohio St. 1, 104 N.E. 1004]: `The mere change of the name of the plaintiff in the title would not of course change the cause of action.'
"In the instant case the cause of action set up in the petition is in no way affected by the corrections contained in the amendment. The amendment corrects the allegations of the petition with respect to plaintiff's capacity to sue and relates to the right of action as contradistinguished from the cause of action. A right of action is remedial, while a cause of action is substantive, and an amendment of the former does not affect the substance of the latter. See 1 Bouv. Law Dict., Rawle's Third Revision, page 295; Pomeroy's Code Remedies, 5th Ed. 526 et seq., Section 346 et seq.; 1 Cyc. 642. An amendment which does not substantially change the cause of action may be made even after the statute of limitations has run.

* * * * * *
"We hold that where a widow institutes an action as administratrix, for damages for the wrongful death of her husband, under the mistaken belief that she had been duly appointed and had qualified as such, thereafter discovers her error and amends her petition so as to show that she was appointed administratrix after the expiration of the statute of limitation applicable to such action, the amended petition will relate back to the date of the filing of the petition, and the action will be deemed commenced within the time limited by statute." Douglas v. Daniels Bros. Coal Co., 135 Ohio St. 641, 22 N.E.2d 195, 198, 123 A.L.R. 761.
It would appear to us that the rule of the Ohio case should most reasonably control, at least where, as in the case at bar, the defect in legal capacity to sue is corrected before the defense of limitations has been formally raised and before the motion calling such defective capacity to the attention of the court has come on for hearing. This is in accord with principles set forth in Puleston v. Alderman, 148 Fla. 353, 4 So.2d 704 at page 707, as to liberal rules of procedure where, as here, no fraud or inequity is present, no new claim or cause of action is stated, and the opposing party has not been deprived of any substantial right. See also Rules 10 and 15, Florida Com. Law Rules, Vol. 30 F.S.A.
The order appealed from should be reversed with directions that the cause proceed *848 in accordance with the principles herein stated.
It is so ordered.
TERRELL, Acting Chief Justice, and MATHEWS and DREW, JJ., concur.