CROSS, Chief Judge.
Appellant-plaintiff, Lindy’s of Orlando, Inc., appeals judgments entered on the pleadings in favor of the appellee-defend-ants, Federal Pacific Company and United Electric Company, in an action for damages based upon negligence, implied warranty and express warranty as to United Electric Company, and negligence and implied warranty as to Federal Pacific Company in the installation of an electrical system in a restaurant. Separate judgments and appeals were entered and taken by each defendant, which appeals have since been consolidated by this court. We reverse.
On March 2, 1967, Universal Standard Corporation, a Florida corporation, filed complaint against the United Electric Company and Federal Pacific Company. An amended complaint was filed on September 26, 1967, and a second amended complaint filed on January 15, 1968. Leaving out those parts that are formal and superfluous, the second amended complaint alleged the following:
“3. That prior to December 4, 1964, the Plaintiff, UNIVERSAL STANDARD CORPORATION entered into a contract with defendant UNITED ELECTRIC COMPANY, for the installation of an electrical system in a building located at 1615 East Colonial Drive, Orlando, Orange County, Florida, and known as Lindy’s Restaurant; that included in said electrical system were electrical connections which controlled and operated a smoke evacuation fan located above a stove in the kitchen of the aforesaid place of business.
“4. That the Defendant, UNITED ELECTRIC COMPANY, a Florida corporation, negligently and carelessly wired or otherwise installed said electrical system which controlled and operated said smoke evacuation fan so that the hereinbefore described electrical system failed to function properly and thereby caused a circuit breaker which was a component part of the said electrical system to trip and prevented the aforesaid smoke evacuation fan from operating.
“5. That as a direct and proximate result of the foregoing negligence of the Defendant, UNITED ELECTRIC COMPANY, on December 4, 1964, the day on which the plaintiff’s place of business was scheduled to open, the said smoke evacuation fan failed to function and the smoke and heat which accumulated in said kitchen as a result thereof caused an automatic dry chemical fire extinguishing system to activate and spray chemicals over the kitchen of the aforesaid place of business, causing an interruption of business and loss of profits as hereinafter alleged.
“6. That as a direct and proximate result of the negligence of the Defendant, UNITED ELECTRIC COMPANY, the Plaintiff was forced to close its business operations for a period of four (4) days and lost its anticipated sales thereby. Further, that the Plaintiff was forced to dispose of foodstuffs damaged by the chemicals which were sprayed on the kitchen as alleged hereinabove and the Plaintiff incurred expenses to prepare and clean the kitchen of its *71 business establishment following the aforesaid incident. Further, as a direct and proximate result of the negligence of the Defendant, UNITED ELECTRIC COMPANY, the Plaintiff suffered loss of good will and reputation of its business establishment among the general public.”
Further allegations were directed against the defendant, Federal .Pacific Company, the manufacturer of the circuit breakers which it was alleged were negligently manufactured, produced, designed and inspected. Damages were sought against both defendants.
Answer was filed to the second amended complaint by Federal Pacific Company on February 20, 1968. On March 19, 1968, the plaintiff filed motion for leave to amend nunc pro tunc so that plaintiff’s complaint could accurately reflect the correct name of the plaintiff as Lindy’s of Orlando, Inc., and not Universal Standard Corporation, a Florida corporation. On May 22, 1968, a joint stipulation was filed between the plaintiff, Universal Standard Corporation, and United Electric Corporation, wherein the plaintiff agreed to remove a default entered against the United Electric Corporation and allow that defendant to answer. Another motion for leave to amend was filed by the plaintiff, Universal Standard Corporation, on June 4, 1968, requesting the court to grant leave to amend the complaint to add a party, to-wit, Lindy’s of Orlando, Inc.
The court on June 19, 1968, denied without prejudice the motion of plaintiff, Universal Standard Corporation, for leave to amend on the basis that the motion was insufficient.
On June 24, 1968, the plaintiff once again filed motion for leave to amend the complaint by changing the name of the plaintiff from Universal Standard Corporation to Lindy’s of Orlando, Inc. As grounds for this motion, Universal Standard Corporation asserted that the suit was brought inadvertently in the name of Universal Standard Corporation as opposed to Lindy’s of Orlando, Inc., and that both corporations were and are set up, organized and controlled by Charles Seligman; that at the time of the occurrence, Lindy’s of Orlando, Inc., was the operating corporation for the restaurant known as Lindy’s of Orlando, Inc.; that Universal Standard Corporation owned the premises; that the defendants were apprised of the loss alleged in the complaint immediately upon its happening; that the complaint filed herein was drafted and framed as to the operator of the business, Lindy’s of Orlando, Inc., and that the amendment would not result in prejudice to the defendants and is necessary that the plaintiff may have its day in court.
On July 12, 1968, the court granted plaintiff’s motion for leave to amend, and Lindy’s of Orlando, Inc., was substituted in place of Universal Standard Corporation as party plaintiff. Thereafter on June 11, 1969, United Electric Company answered the amended complaint. On July 15, 1969, the defendant, Federal Pacific Company, filed motion for judgment on the pleadings, asserting that the pleadings show that the plaintiff, Lindy’s of Orlando, Inc., was not made a party to the suit until after the statute of limitations for an action of this type had run, and therefore the defendant, Federal Pacific Company, was entitled to a judgment on the pleadings as a matter of law because the action is barred by the statute of limitations. On September 18, 1969, the court granted Federal Pacific Company’s motion for judgment on the pleadings. On September 24, 1969, the remaining defendant, United Electric Company, filed motion for judgment on the pleadings for the same reason, to-wit, that the plaintiff, Lindy’s of Orlando, Inc., was not made a party plaintiff to the action until the running of the statute of limitations. On October 2, 1969, the court granted this motion. Final judgments were entered for both defendants. Appeals were taken from each judgment and consolidated by this court.
*72 In order to see the proper perspective of the question with which this court is concerned, i. e., the permissibility or effect of a change in parties after the statute of limitations has run, it is of importance to remember that this question is but a segment of the broader question as to when an amendment to pleadings relates back to the bringing of the suit for determining the application of the statute of limitations. The basic test employed by the courts in all actions involving a change of parties after the statute of limitations has run is the effect such change has on the original cause of action, since this is the test which is used in determining the permissibility of amended pleadings generally. The general rule is that whether an amendment making changes in the parties to the suit relates back to the bringing of the suit for the purposes of determining the application of the statute of limitations depends upon the nature of the matter asserted by the amendment, i. e., whether the amendment states a new cause of action or merely recites in a different form the cause of action stated in the original pleading. An amendment to plaintiff’s complaint changing the parties to the suit so long as it does not introduce a new cause of action or make a new demand or substantially change the cause of action but merely restates in a different form the cause of action originally pleaded relates back to the commencement of the action so as to avoid the operation of the statute of limitations, and may therefore be made even after the statute of limitations has run. But where the amendment by the change of the parties introduces a new cause of action or one which is different and distinct from that originally set up, the new pleading is deemed equivalent to the bringing of a new action, and there is no relation back to the filing of the original pleading, which will prevent the statute of limitations from running against the new cause of action down to the time that it is introduced by the amendment.[1]
The problem facing the court in the instant case is not one which is unknown to the courts of Florida. In Griffin v. Workman, Fla.1954, 73 So.2d 844, the Supreme Court of Florida was faced with a similar question in an action for wrongful death which was instituted by the deceased’s father who had not qualified as administrator at the time of the filing of the complaint. The father subsequently qualified. However, the circuit court dismissed the complaint and the father appealed. The Supreme Court in an excellent opinion by Justice Sebring determined that where there was no fraud or inequity involved and no new cause of action would have been presented by allowing the father to prosecute the cause to conclusion, the father’s letters of administration would be deemed to relate back to the deceased’s death, validating the father’s action on behalf of the estate. The language of the supreme court in Griffin v. Workman, supra, is extremely apropos to the situation faced by this court:
“Whether the substitution of a part, plaintiff, having capacity to bring the suit, in the stead of the original plaintiff who filed the action without capacity to bring the suit, is a change in the original cause of action depends entirely upon the allegations in the amended petition. The mere substitution of parties plaintiff, without substantial or material changes from the claims of the original petition, does not of itself constitute setting forth a new cause of action in the amended petition. As was said in the opinion in the case of Van Camp v. McCulley, Trustee, supra [89 Ohio St. 1, 104 N.E. 1004]: ‘The mere change of the name of the plaintiff in the title would not of course change the cause of action.’ ”
*73 To paraphrase the supreme court in Griffin v. Workman, supra, in the instant case the cause of action initiated in the second amended complaint is in no way affected by the corrections contained in the amendment. The amendment corrects the allegations of the complaint only to the extent of substituting the proper party plaintiff. Such substitution relates to the right of the action as contradistinguished from the cause of action. A right of action is remedial, while a cause of action is substantive, and an amendment of the former does not affect the substance of the latter.
The amendment in the instant case allowing Lindy’s of Orlando, Inc., to be substituted as a party plaintiff instead of Universal Standard Corporation does not substantially change the cause of action, and such amendment may be made even after the statute of limitations has run.
Accordingly, the final judgments entered in favor of the defendants, Federal Pacific Company and United Electric Company, are reversed and the cause is remanded for further proceedings consistent with the view herein expressed.
Reversed and remanded.
McCAIN, J., concurs.
WALDEN, J., dissents, with opinion.

. For an excellent annotation on this subject, see 8 A.L.R.2d 6, Change in Parties After Statute of Limitations Has Run.