OTT, Chief Judge.
Appellant, Glen W. Gilson, II, as personal representative of his father’s estate, sued *648 appellee, alleging that appellee’s negligence in drafting the decedent’s will caused the estate to incur unnecessary éstate tax liability. As an affirmative defense, appellee raised appellant’s comparative negligence. Testimony in support of this defense revealed that appellant possessed expertise in the area of will preparation, estate planning, and taxation. He had drafted previous wills of the decedent, had advised his father on tax considerations, and was furnished a copy of the will in question some months prior to decedent’s death. Appellant failed to read the clause now questioned or raise any objection or tax considerations.
Appellant individually was never a party to this action. The jury was instructed on the comparative negligence of appellant as personal representative, and the special verdict form referred to appellant in his representative capacity. The jury rendered a special verdict finding appellant as personal representative ninety-five percent negligent and appellee five percent negligent. We reverse.
The alleged negligence of appellant occurred prior to the decedent’s death; therefore, the negligence cannot be charged against appellant in his capacity as personal representative. Letters of administration appointing a personal representative may, for certain purposes, relate back to a decedent’s date of death, Griffin v. Workman, 73 So.2d 844 (Fla.1954). However, we find no merit in the contention of appellee that appellant had a duty as appointed personal representative to examine the will before decedent’s death. Any duty appellant may have had under the circumstances was a duty of appellant individually.
We deem the errors here to warrant a new trial. We refuse to speculate on what the jury would have done had the issue of appellant’s individual negligence been properly presented.
Contrary to appellee’s argument, we fail to find that the issue of decedent’s negligence was raised below or submitted to the jury on appropriate instructions. We therefore refuse to deal with it on this appeal.
Nothing herein should be construed as precluding the adding of appropriate parties or issues on remand.
REVERSED and REMANDED for a new trial.
BOARDMAN and LEHAN, JJ., concur.