FERNANDEZ, J.
*491 Plaintiffs Weedemarck Lindor and Bernite Lindor, personal representative of the Estate of Marie Claudia Gelin (decedent), appeal the trial court's order striking plaintiffs' complaint and dismissing the complaint without prejudice.[1] Marie Claudia Gelin ("Gelin") was allegedly struck and killed on November 22, 2012, by a freight train operated by defendant Florida East Coast Railway, LLC. Gelin was survived by her middle school aged daughter, Luz Gelin, who now resides in New Jersey with her maternal aunt and uncle through marriage, Bernite and Weedemarck Lindor (collectively, "the Lindors"). On November 10, 2014, two days before the expiration of the two-year statute of limitations for a wrongful death claim, plaintiffs' original counsel filed a wrongful death complaint listing the Lindors as co-personal representatives of the estate of Marie Claudia Gelin. However, at the time of the filing of the complaint, the Lindors had yet to be appointed as personal representatives of Gelin's estate because no petition for administration of the estate had been filed.
Inexplicably, very little happened in this case for the next two and a half years, until a motion for substitution of counsel was filed by plaintiffs' present counsel and the taking of depositions began. It was during such a deposition that defendant learned that the Lindors had never been appointed as personal representatives of the estate. This discovery precipitated a flurry of activity by plaintiffs' counsel to properly designate Bernite Lindor as personal representative of the estate. In the interim, however, defendant filed its motion to dismiss the complaint as a sham pleading, claiming that by filing a complaint alleging that the Lindors had been properly designated as the co-personal representatives of the estate, plaintiffs' counsel had filed a sham pleading because he and the Lindors were fully aware that no such designation had been made and they made that allegation knowing that the fact was false. Plaintiffs' counsel promptly notified the court of the efforts they were making to correct the deficiency, and on October 3, 2017, filed the probate court's order of October 2, 2017, appointing Bernite Lindor as personal representative of the estate of Marie Claudia Gelin. On October 4, 2017, the trial court entered its order granting the defendant's motion to strike the plaintiffs' complaint and dismissed the action without prejudice. This appeal followed.
In 1954, in a case remarkably similar to the case at bar, the Florida Supreme Court had occasion to consider the dismissal of a complaint filed by "Jesse Phillip Griffin, Sr., as Administrator of the Estate of Johnny Reece Griffin, deceased." Griffin v. Workman, 73 So.2d 844, 845 (Fla. 1954). Jesse Griffin, Sr. was Johnny's father, and at the time that he filed the complaint, no petition for administration of Johnny's estate had been filed. As such, Jesse had yet to be properly designated as administrator of the estate. Id. The complaint was filed, as here, two days before the expiration of the limitations period for filing a wrongful death action, and the petition for administration of the estate was not filed until after the two-year statute of limitations had expired. Id. A motion to dismiss was filed by one of the defendant's in the case because a personal representative *492 had not been appointed to prosecute the civil wrongful death action. Id. Before the trial court decided the motion, a proper personal representative, now the daughter of Jesse Griffin, Sr., filed a motion establishing that she had been properly appointed as personal representative and sought leave to substitute Jesse Griffin, Sr. as personal representative in the wrongful death action. Id. The trial court granted the defendant's motion to dismiss and did not rule on the motion to substitute the personal representative in the wrongful death action. Id.
The Griffin court determined that "the circuit court committed reversible error in not allowing the cause to proceed after letters of administration had been issued in the probate proceedings, and in refusing to relate the issuance of the letters back to the time of the beginning of the suit." Id. at 846. In Estate of Eisen v. Philip Morris USA, Inc., 126 So.3d 323 (Fla. 3d DCA 2013), this Court discussed Griffin as follows:
The Florida Supreme Court reversed, holding the trial court committed error in dismissing the complaint and in not permitting the cause to proceed, either with the daughter as substituted administratrix, or with the father as original administrator once the letters of administration issued. The court determined that the substitution of the daughter for the father-and later the father for the daughter-related back to the date of the original filing of the complaint. The Court agreed with the proposition
that where a wrongful death action was instituted by a party "as administrator," his subsequent appointment as such validated the proceeding on the theory of relation back. .... [T]he institution of suit "was not a void performance, being an act done during the interim which was for the benefit of the estate. It could not be otherwise, for it was an attempt to enforce a claim which was the only asset of the estate. This rule is sustained by a large number of authorities, and * * * appears, also, to be just and equitable.
[T]he proceeding was not a nullity. It was, on the other hand, a cause pending in which, but the liberal principles of our Code, the party plaintiff, though lame in one particular, might be allowed to cure that defect and proceed to a determination of the merits.
Griffin concluded that the filing of an action for wrongful death by one who is purported to be (but has not yet been appointed) a personal representative is not a nullity. Rather, upon that individual being properly named as personal representative, his status (and therefore his capacity to sue) relates back to the date of the original filing of the complaint.
Eisen, 126 So.3d at 331 (internal citations omitted).
The Eisen Court identified four "principal factors to be considered in determining whether to permit an amendment to substitute a party-plaintiff and whether such a substitution should relate back:"
[1) ] [w]hether the timely-filed action gave the defendants fair notice of the legal claim and the underlying allegations; [2) ] [w]hether there is an identity of interest between the original and substituted plaintiff; [3) ] [w]hether the amendment caused any prejudice to the defendants; and [4) ] [w]hether the amendment to substitute plaintiffs would create a "new" cause of action.
Id. at 330. Under the facts of the case at bar, all of these factors favor substitution of the properly designated personal representative, Bernite Lindor, and relating her *493 designation back to the filing of the original complaint. A proper substitution would, of course, remove Weedemarck Lindor as co-personal representative. For these reasons, we reverse the trial court's order striking plaintiffs' wrongful death complaint and dismissing it without prejudice. We remand the case back to the trial court for reinstatement of the action.
Reversed and remanded for further proceedings consistent with this opinion.

The complaint was effectively dismissed with prejudice because the statute of limitations on the subject action had run.