[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**August 10, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 05-10237
Non-Argument Calendar

_____

D. C. Docket No. 03-03429-CV-JTC-1

HEATHER SUZANNE H. BAXLEY,

Plaintiff-Appellant,

versus

PEDIATRIC SERVICES OF AMERICA, INC.,
a domestic corporation,
PEDIATRIC SERVICES OF AMERICA, INC.,
a Delaware corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 10, 2005)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Appellant, Heather Suzanne H. Baxley, appeals the district court's order granting summary judgment for her employer, Pediatric Services of America, Inc., ("Pediatric Services"), in her employment discrimination claim. Baxley alleges that Pediatric Services violated her rights under the Family Medical Leave Act, ("FMLA"), and the Employee Retirement Income Security Act, ("ERISA") in terminating her employment.

A. Background

Baxley worked at a Pediatric Services' health-care facility in Marietta, Georgia as a nursing assistant. In January 2003, Baxley was diagnosed with auto-immune hepatitis and cirrhosis of the liver. Throughout that year, Baxley underwent medical treatment for her condition and informed her employer that a liver transplant would eventually be necessary. On August 13, 2003, Baxley broke her hand and requested a light duty assignment. Baxley's supervisor insisted that she take sick leave and provided her with information on Pediatric Services' FMLA policy and available paid leave. On August 22, 2003, Pediatric Services terminated Baxley's employment asserting that she had abandoned her job. Baxley contends that her termination did not result from abandonment, but instead, because Pediatric Services knew that Baxley eventually would need to

2

take medical leave for a serious health condition, the costs of which Pediatric

Services did not desire to pay.

On October 14, 2003, Baxley filed a petition for relief under Chapter 7 of

the U.S. Bankruptcy Code. Baxley was represented by counsel in her bankruptcy

action. Schedule B of Baxley's bankruptcy petition required her to disclose all

contingent and unliquidated claims. However, she disclosed no such claims. On

February 4, 2004, the bankruptcy court discharged Baxley of her debts and closed

her estate.

B. Standard of Review

We review the district court's grant of summary judgment *de novo*, applying

the same standards used by the district court. *Killinger v. Samford Univ.*, 113 F.3d

196, 198 (11th Cir. 1997). Summary judgment is appropriate when "there is no

genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317,

322, 106 S. Ct. 2548, 2552 (1986). In examining the record, we review the

evidence in the light most favorable to the non-moving party. *See Wilson v. B/E

Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004).

C. Analysis

Before we can reach the merits of Baxley's employment claims, we must

determine whether Baxley has standing to bring these claims. We find that Baxley

is without standing to pursue the instant claims because her employment claims are property of her Chapter 7 bankruptcy estate. The cause of action underlying Baxley's employment claims arose on the date of her termination, August 22, 2003. Baxley filed her Chapter 7 bankruptcy petition on October 14, 2003, almost two months later. At this time, Baxley's employment claims became property of the bankruptcy estate.

"Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Parker v. Wendy's International, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (*citing Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003)). "Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy code." *Id. (citing* 11 U.S.C. § 554).

In this case, Baxley's discrimination claim became an asset of the bankruptcy estate when she filed her bankruptcy petition. Regardless of Baxley's intentions or reasons for failing to disclose her employment claims on the bankruptcy schedules, Baxley's non-disclosed employment claims remain property of the estate. Additionally, there is no evidence that the trustee, the real party in interest in Baxley's discrimination suit, ever abandoned this claim. Thus, Baxley

4

has no standing to bring the instant employment claims. *Parker, 365* F.3d at 1272.

We accordingly affirm the district court's order granting summary judgment for Pediatric Services.[1]

**AFFIRM**.

---

[1] Because Baxley has no standing to bring her employment claims against Pediatric Services, we need not reach the issue of judicial estoppel as raised in the parties' briefs and addressed by the district court.