In re Donna Marie ENGELBRECHT, Debtor.

Aaron R. Cohen, as Trustee for the Chapter 7 Estate of Donna Marie Engelbrecht, Plaintiff,

v.

Arlington Heavy Hauling, Inc., Defendant.

Bankruptcy No. 03–07981–GLP.
Adversary No. 05–00335–GLP.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

April 16, 2007.

Donna Marie Engelbrecht, Jacksonville Beach, FL, pro se.

Richard R. Thames, Stutsman Thames & Markey, P.A., Jacksonville, FL, for Plaintiff.

Clyde M. Collins, Jr., Max Story, Collins & Story, PA, Jacksonville, FL, for Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon the complaint filed by Aaron R. Cohen, as Trustee for the Chapter 7 Estate of Donna Marie Engelbrecht, seeking a declaratory judgment. After a trial held on October 17, 2006, and January 16, 2007, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On July 17, 2001, Donna Marie Engelbrecht ("Debtor") was involved in an automobile accident with a truck owned by Arlington Heavy Hauling ("Defendant") and operated by its employee. (T. 20–21).

2. As a result of the accident, in which Defendant's employee was at fault, Debtor suffered numerous injuries. (T. 21–23,

31). Due to the injuries she sustained in the accident, Debtor was unable to continue working. (T. 24).

3. Debtor subsequently retained Jeffrey Bankston, a personal injury attorney, to represent her and file a claim against Defendant for her injuries sustained in the accident. (T. 28).

4. In September of 2001, approximately two (2) months following the accident, the full extent of Debtor's injuries was still unknown. (T. 121–122). Thus, Bankston advised Debtor to return to his office when the full extent of her injuries was known. (T. 122–123).

5. On August 7, 2003, Debtor filed a *pro se* Chapter 7 bankruptcy petition under the Bankruptcy Code. (T. 24–25). Debtor testified that she filed for relief because she had outstanding medical bills relating to the accident and lacked sufficient funds to pay them. (T. 24). Aaron R. Cohen ("Plaintiff") was appointed as the Chapter 7 Trustee for Debtor's bankruptcy estate. (T. 64). On November, 21, 2003, Debtor received a discharge of her debts. (Pl.'s Ex. 8).

6. When Debtor filled out her bankruptcy schedules, she did not interpret Question 20 of Schedule B, entitled, "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims" to encompass her personal injury claim. Thus, Debtor failed to list her potential claim against Defendant on her schedules. (T. 25–26).

7. Debtor, who is not trained in the legal profession, testified at the hearing that she did not intentionally omit the potential cause of action from her sched-

ules in an attempt to conceal it, but merely made a good-faith mistake. (T. 25–27).

8. On December 29, 2004, Debtor filed a personal injury action against Defendant, seeking damages in excess of one million dollars, in the Circuit Court of the Fourth Judicial Circuit in Duval County, Florida. (Pl.'s Ex. 3).

9. In March 2005, Debtor disclosed her bankruptcy filing to Defendant through her interrogatory responses. (T. 125). On June 29, 2005, about three (3) months after Debtor's initial disclosure, Defendant's counsel advised Mr. Bankston that Debtor had not disclosed her cause of action against Defendant in her bankruptcy petition. (D.'s Ex. 1). Mr. Bankston then consulted a bankruptcy attorney[1] for advice on how to proceed and subsequently moved to reopen Debtor's case in order to amend her schedules to include the prepetition claim against Defendant. (T. 115, 117–119). Then, in August of 2005, with full knowledge of Debtor's bankruptcy, Defendant engaged in a mediation proceeding in regards to Debtor's claim. (T. 125, 135–136).

10. On approximately September 2, 2005, subsequent to the expiration of the statute of limitations, Plaintiff was made aware, for the first time, of Debtor's prepetition claim from Defendant's counsel. (D.'s Ex. 4).

11. On October 17, 2005, Debtor's case was reopened and on October 26, 2005, Debtor amended her schedules to reflect her pre-petition claim against Defendant.[2]

12. On October 20, 2005, Mr. Bankston's application to be employed as special counsel for the bankruptcy estate was approved by order of this Court. (T. 50).

---

**1.** The attorney consulted by Mr. Bankston, was Richard Thames, who represents Plaintiff in the instant proceeding.

**2.** Debtor unsuccessfully attempted to amend her schedules on September 2, 2005, prior to her case being reopened.

Subsequent to Mr. Bankston's employment as special counsel, he moved to join Plaintiff, in his capacity as the Chapter 7 Trustee, as an additional party-plaintiff in the state court action. (Pl.'s Ex. 5). Plaintiff then attempted to ratify Debtor's filing of the personal injury claim. (Pl.'s Ex. 5, T. 49).

13. Subsequently, Defendant filed a motion to dismiss Debtor's cause of action in the circuit court. (D.'s Ex. 8). The circuit court then held hearings on Defendant's motion to dismiss and on Plaintiff's motion to be added as an additional party-plaintiff. At the hearing, the circuit court stated that it was concerned that any involvement by the bankruptcy court could affect its jurisdiction and that the proceedings would not go forward until it received an order from the bankruptcy court stating that it was proper to proceed. (D.'s Ex. 9).

14. Claims against the estate total $71,154.92. Excluding any contingency fees awarded to counsel, administrative claims will total approximately $50,000.00 to $60,000.00, and medical liens attaching to any proceeds from the litigation total approximately $212,000.00. (T. 52–53).

15. Plaintiff testified that due to the extent of Debtor's injuries, coupled with the fact that there is a one million dollar insurance policy, it is likely that the amount recovered in the lawsuit will exceed the claims owed to the estate. (T. 53).

### CONCLUSIONS OF LAW

In the instant proceeding, the issues before the Court for its determination are (i) whether Debtor has standing to pursue the pre-petition claim, (ii) if Plaintiff, as Trustee, is the sole party that possesses standing to pursue the claim, can he be substituted as the proper party-plaintiff even though the statute of limitations has now expired, and (iii) whether judicial estoppel is applicable to the pre-petition claim?

### A. Standing and Proper Party in Interest

When a debtor files for relief under the Code, a bankruptcy estate comprised of all property that the debtor has a legal or equitable interest in, as of the petition date, is established. 11 U.S.C. § 541(a)(1) (2007); *Jones v. Harrell,* 858 F.2d 667, 669 (11th Cir.1988). Once a trustee is appointed, he "succeeds to all causes of action held by the debtor at the time the petition is filed." *Jones,* 858 F.2d at 669; *In re Degenaars,* 261 B.R. 316, 319 (Bankr. M.D.Fla.2001).

■ Property of the bankruptcy estate includes all "potential" causes of action that exist on the petition date. *Barger v. City of Cartersville,* 348 F.3d 1289, 1292 (11th Cir.2003). In *Barger,* the plaintiff sued several defendants in district court for employment discrimination shortly before filing for Chapter 7 bankruptcy protection. *Barger,* 348 F.3d at 1291. Upon filing for relief, the plaintiff failed to list her pre-petition employment discrimination claims as an asset on her bankruptcy schedules. *Id.* Approximately one month after receiving a discharge of her debts, she sent defendants a copy of her discharge order in response to their discovery requests. *Id.* Upon receipt of the discharge order, defendants moved for summary judgment upon the basis that the plaintiff was judicially estopped from pursuing the pre-petition claims. *Id.* After learning of the defendants' motion for summary judgment, the plaintiff requested permission to reopen her bankruptcy case and the bankruptcy court granted her request. *Id.* at 1291–1292. Shortly thereafter, the district court granted the defendants' motion for summary judgment, and dismissed the plaintiff's discrimination

claims. *Id.* at 1292. The plaintiff then appealed the court's ruling to the Eleventh Circuit. *Id.*

On appeal, the Eleventh Circuit reasoned that the real inquiry was who the proper party was to litigate the pre-petition claim, the plaintiff or the trustee appointed in plaintiff's bankruptcy case. *Id.* at 1292. In answer to this question, the Eleventh Circuit held that the trustee had "exclusive standing" to assert the discrimination claims because such claims were property of the estate pursuant to § 541(a). *Id.* In reaching its holding, the court relied upon Rule 25(c) of the Federal Rules of Civil Procedure, which states in part:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

Fed.R.Civ.P. 25(c); *Id.* at 1292–1293. Based upon Rule 25(c), the Eleventh Circuit found that although it was the plaintiff who pursued the discrimination claim in the district court, and it was she who filed the appeal while in bankruptcy, the trustee was entitled to succeed her position and pursue the pre-petition claim. *Id.* at 1292–1293.

■ As the Eleventh Circuit has made clear that only the trustee has standing to pursue a pre-petition cause of action, Plaintiff, as trustee, is clearly the "real party in interest" to the personal injury claim. *Id.* at 1292. Thus, the real inquiry for the Court's determination is whether Plaintiff may be substituted as the proper party-plaintiff to pursue the state court claim on behalf of the bankruptcy estate. The Court finds that pursuant to Florida Rule of Civil Procedure 1.260, which contains language identical to Fed.R.Civ.P. 25(c), Plaintiff is entitled to be substituted as the real party in interest in Debtor's personal injury suit.

## B. Statute of Limitations C. Judicial Estoppel

Although the Court has already held that Plaintiff is entitled to be substituted as the proper party in interest, the Court will briefly discuss Defendant's statute of limitations defense. Although Debtor's cause of action was filed prior to the expiration of the statute of limitations, Defendant argues that the Plaintiff should be barred from succeeding her position, as the limitations period has now expired.

Conversely, Plaintiff asserts that as trustee of Debtor's bankruptcy estate he is entitled, regardless of Defendant's statute of limitations defense, to be substituted as the real party in interest in Debtor's personal injury action.

■ "An amendment to plaintiff's complaint changing the parties to the suit so long as it does not introduce a new cause of action or make a new demand or substantially change the cause of action but merely restates in a different form the cause of action originally pleaded relates back to the commencement of the action so as to avoid the operation of the statute of limitations, and may therefore be made even after the statute of limitations has run." *Lindy's of Orlando, Inc. v. United Elec. Co.,* 239 So.2d 69, 72 (Fla. 4th DCA 1970). In the instant proceeding, Plaintiff asserts that Defendant's statute of limitations defense should fail as the identity of interests between the estate and Debtor's pre-petition interests are exact, and his substitution as party-plaintiff will relate back to Debtor's timely filing of the cause of action. In support of his position, Plaintiff cites a Florida Supreme Court case, in which the court stated that, "[t]he mere substitution of [a] parties plaintiff, without substantial or material changes from the

claims of the original petition, does not of itself constitute setting forth a new cause of action in the amended petition." *Griffin v. Workman,* 73 So.2d 844, 847 (Fla.1954).

Based upon the above, the Court finds that Plaintiff is entitled to succeed Debtor's position in the state court action, regardless of the expiration of the statute of limitations, as there is an exact identity of interests between the estate and Debtor's pre-petition interests. Since Plaintiff's substitution as party-plaintiff will relate back to Debtor's timely filed cause of action, the claim is not time barred.

As the Court has already determined that Plaintiff is entitled to avoid the operation of the statute of limitations, there is no need for the Court to reach Plaintiff's alternative argument that he may ratify Debtor's filing of the state court action.

### C. Judicial Estoppel

Defendant alternatively argues that Plaintiff should be judicially estopped from pursuing the state court action as a result of Debtor's failure to list her claim in the bankruptcy schedules.

Judicial estoppel is an equitable doctrine that precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1285 (11th Cir.2002). "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding." *Id.* (quotation omitted). "Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Id.* (quotation omitted). "[T]hese two enumerated factors are not inflexible or exhaustive; rather, courts must always give due consideration to all of the circumstances of a particular case when considering the applicability of this doctrine." *Id.* at 1286.

"When considering a party's motive and intent and whether it justifies applying judicial estoppel, we require that the intent be cold manipulation and not an unthinking or confused blunder." *Ajaka v. Brooksamerica Mortgage Corp.,* 453 F.3d 1339, 1345 n. 7 (11th Cir.2006) (quoting *Johnson Serv. Co. v. Transamerica Ins. Co.,* 485 F.2d 164, 175 (5th Cir.1973)). To lend perspective as to whether or not judicial estoppel should be applicable in the instant proceeding, the Court will first examine the Eleventh Circuit cases of *Burnes* and *Barger. Burnes,* 291 F.3d at 1282; *Barger,* 348 F.3d at 1289.

In *Burnes,* the debtor filed a discrimination suit against his employer in federal district court while his Chapter 13 case was still pending, however, he did not list the suit on his Chapter 13 schedules. *Burnes,* 291 F.3d at 1284. Debtor subsequently converted his case to a Chapter 7, at which time he filed updated schedules, however, he again failed to include the pending lawsuit. *Id.* Debtor then received a no asset discharge, while the lawsuit was pending. *Id.* Subsequent to the independent discovery by the defendant that the debtor had been in bankruptcy when the discrimination suit was filed, the defendant moved for summary judgment in the district court based upon judicial estoppel. *Id.* The district court granted the motion and the Eleventh Circuit affirmed. *Id.* at 1287–1289.

Similar to *Burnes,* the plaintiff in *Barger* had already filed, and was actively pursuing, her employment discrimination claim at the time she filed her bankruptcy petition. *Barger,* 348 F.3d at 1291. Regardless of this fact, neither she nor her attorney ever listed the claim as an asset of the estate. *Id.* at 1295. Further, although the plaintiff in *Barger* informed the trustee about her discrimination suit during the meeting of creditors, the court

found that she deceived the trustee by telling him that she was only seeking reinstatement of her previous position. *Id.* at 1296. The Eleventh Circuit specifically noted that she failed to inform the trustee that she was seeking backpay, liquidated damages, compensatory damages and punitive damages, even though she added them to her prayer for relief only two days prior. *Id.* Accordingly, the court held that judicial estoppel was applicable.[3] *Id.* at 1296–1297.

■ The Court finds the above cases to be distinguishable from the facts in the instant proceeding. Unlike the individuals in *Burnes* and *Barger,* the Debtor in the instant proceeding did not file the state court action until after her bankruptcy case had been closed.[4] Thus, as a *pro se* debtor, who possessed no legal training, it is quite conceivable that Debtor did not intentionally omit the potential cause of action from her schedules in an attempt to conceal it. As Debtor testified at the hearing, the omission was merely a good-faith mistake, based upon inadvertence, when she did not interpret Question 20 of Scheduled B, entitled, "Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," to encompass her personal injury claim. These facts are in stark contrast to those in *Burnes* and *Barger,* in which there was strong evidence to suggest that the individuals in those cases intentionally tried to conceal their *actively pending* lawsuits

from the trustee and creditors of the estate. Further, unlike the debtor in *Burnes,* the Debtor in the instant proceeding informed the Defendant on several occasions that she was in bankruptcy.

Additionally, although there is no *requirement* "that the party invoking judicial estoppel show prejudice, *see Burnes,* 291 F.3d at 1286, prejudice serves an important role in the applicability of the doctrine in this context, for it is difficult to impute an intent 'to make a mockery of the judicial system,' where the complaining party was aware of the inconsistency in sufficient time and in a position to properly raise an objection in the *original* proceeding." *Ajaka,* 453 F.3d at 1345. "Put another way, judicial estoppel is meant to prevent litigants from deliberately changing positions after the fact to gain an unfair advantage." *Id.* Although it was after Debtor received her discharge, Defendant was made aware of her bankruptcy prior to the closing of her case and willingly participated in discovery and mediation with that knowledge.[5] Further, as Defendant was not a creditor of Debtor's estate, Defendant did not suffer any loss as a result of the non-disclosure. Thus, Defendant has not been prejudiced by Debtor's initial failure to list her potential claim on her bankruptcy schedules.

Upon considering the totality of the circumstances surrounding the instant proceeding, the Court finds that Debtor did not engage in a "calculated attempt" to

---

**3.** Unlike the instant case, it is not entirely clear if the trustee in *Barger,* intended to actually pursue the suit. *Id.* at 1298. Further, the Eleventh Circuit made it clear in *Parker,* which was decided subsequent to the *Barger* case, that if a trustee intended to pursue a debtor's pre-petition claim, the trustee could not be tainted by the debtor's misconduct. *Parker,* 365 F.3d at 1272.

**4.** Although, Debtor did participate in a mediation proceeding prior to her case being

closed, the mediation occurred nearly one year after she received her discharge.

**5.** The Court also finds it interesting to note that although Defendant was aware of the bankruptcy filing months before the expiration of the statute of limitations, Defendant chose to be silent and await the claimed expiration of the statute of limitations, before filing the motion to dismiss in state court.

mislead the Trustee or creditors of her estate. Thus, the Court finds that Debtor's conduct does not warrant the application of judicial estoppel.

Further, even if Debtor's conduct did rise to the level of a "calculated attempt" to mislead the Plaintiff or creditors of the estate, Plaintiff would still be entitled to recover monetary damages for the estate. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir.2004). In the Eleventh Circuit case of *Parker*, the debtor filed a pre-petition racial discrimination claim and inadvertently failed to list the claim as an asset on her bankruptcy schedules. *Id.* at 1269–1270. Upon realizing his client's mistake, debtor's attorney informed the trustee, who in turn moved to reopen the debtor's bankruptcy case. *Id.* at 1270. Upon reopening the case, the trustee successfully moved the district court to grant his request to intervene as the real party in interest. *Id.* Defendants then moved to dismiss debtor's claim, upon the basis that she was judicially estopped from pursuing the claim because she failed to list it on her bankruptcy schedules. *Id.* The district court concurred and granted the defendants' motion to dismiss. *Id.*

On appeal, the Eleventh Circuit reversed the district court's judgment, and held that judicial estoppel was "improperly invoked." *Id.* at 1272–1273. The court stated that debtor's post-petition conduct, including her failure to disclose the claim as an asset of her estate, did not affect the merits of her suit because upon filing for bankruptcy the claim became property of her estate and the trustee became the real party in interest. *Id.* at 1272 n. 3. Specifically, the court reasoned that as the trustee made no false or inconsistent statement under oath and was not "tainted or burdened by the debtor's misconduct," he could pursue the debtor's pre-petition discrimination claim. *Id.* at 1272–1273.

Pursuant to the Eleventh Circuit's holding in *Parker*, the Court finds that the Debtor's actions cannot be attributed to the Plaintiff. As Plaintiff made no false or inconsistent statement under oath, the doctrine of judicial estoppel is not applicable in regards to his recovery efforts for the bankruptcy estate.

It is also of interest to note that in *Parker*, the Eleventh Circuit mused, "in the unlikely scenario where the trustee would recover more than an amount that would satisfy all creditors and the costs and fees incurred, then, perhaps judicial estoppel could be invoked by the defendant to limit any recovery to only that amount and prevent an undeserved windfall from devolving on the non-disclosing debtor." *Id.* at 1273 n. 4. The personal injury claim at issue in the instant proceeding will most likely result in the unique scenario discussed in *Parker*. However, the Court need not engage in a discussion of whether the recovery should be limited to only what the estate is owed, as the Court has already determined that Debtor's conduct does not rise to the level necessary to invoke the doctrine of judicial estoppel.

### *CONCLUSION*

Based upon the above, Plaintiff, as Trustee of Debtor's bankruptcy estate, is entitled to be substituted as the proper party-plaintiff in the state court action, the claim is not barred by operation of the statute of limitations, and the doctrine of the judicial estoppel is not applicable. The Court will enter a separate order that is consistent with these Findings of Fact and Conclusions of Law.

### *JUDGMENT*

This proceeding is before the Court upon the complaint filed by the trustee, Aaron R. Cohen, seeking a declaratory judgment. Upon Findings of Fact and

Conclusions of Law separately entered, it is

ORDERED:

1. Judgment is entered in favor of Plaintiff, Aaron R. Cohen, as Trustee for the Chapter 7 estate of Donna Marie Engelbrecht, and against, Defendant, Arlington Heavy Hauling, Inc.

2. Plaintiff is entitled to be substituted as the proper party-plaintiff in the pending state court action against the Defendant. As Plaintiff's substitution in the state court action relates back to the filing of the initial complaint, the claim is not barred by the operation of the statute of limitations.

3. Judicial estoppel is not applicable to the pre-petition claim.