988 So.2d 66 (2008)
Linda LOSACANO, individually, and Lauren Greene, as trustee in bankruptcy for Linda Losacano, Appellants,
v.
DEAF AND HEARING CONNECTION OF TAMPA BAY, INC., and Michael A. Yelapi, Appellees.
No. 2D07-2201.
District Court of Appeal of Florida, Second District.
July 16, 2008.
Kennan George Dandar of Dandar & Dandar, P.A., Tampa, for Appellant.
J. Craig Delesie, Jr., of Kadyk Delesie & Espat, Tampa, for Appellees.
*67 ALTENBERND, Judge.
Linda Losacano, individually, and Lauren Greene, as trustee in bankruptcy for Linda Losacano, appeal a partial summary judgment on two of the three counts of Ms. Losacano's complaint against the Deaf and Hearing Connection of Tampa Bay, Inc., and Michael A. Yelapi. This otherwise straightforward lawsuit for damages has been complicated by a bankruptcy petition that Ms. Losacano filed shortly after she filed her complaint. We conclude that the trial court erred in entering judgment on claims possessed by the bankruptcy trustee at a time when the trustee was not a party to the lawsuit.

I. PROCEEDINGS IN THE TRIAL COURT
In June 2005, Ms. Losacano, a certified interpreter for the deaf, filed this action against the Deaf and Hearing Connection and Mr. Yelapi, who is allegedly employed by the Deaf and Hearing Connection. Her two-count complaint sought damages based upon allegations that the defendants tortiously interfered with her business relationships and that they defamed her by claiming that she is not a professional, ethical interpreter. This complaint was amended in August 2005 to add a third count seeking injunctive relief to prevent the defendants from speaking ill of her in the future.
In January 2007, the defendants filed a motion for summary judgment. The motion explained that Ms. Losacano had filed a petition in bankruptcy court in October 2005. In the bankruptcy proceeding, she had failed to disclose this pending lawsuit as an asset of her bankruptcy estate. She had thereafter obtained a discharge from the bankruptcy court for debts in excess of $80,000. The defendants sought dismissal of the action under "principles of judicial estoppel" and lack of standing, relying primarily on Barger v. City of Cartersville, Georgia, 348 F.3d 1289 (11th Cir.2003).
Ms. Losacano responded to the motion, claiming that she thought her lawsuit only involved injunctive relief and did not understand that it was an asset. She explained that upon reviewing the motion for summary judgment and realizing her error, she had filed a motion with the bankruptcy court seeking to reopen the bankruptcy to properly list this litigation as an asset in the bankruptcy estate. The trial court was not impressed by this explanation and ultimately entered an order on the motion for summary judgment in favor of the defendants on the two counts for monetary relief. The trial court left pending the claim for injunctive relief. Ms. Losacano appealed the order.

II. THE INITIAL PROCEEDINGS IN THIS COURT
This court initially concluded that the order appealed was a nonfinal, nonappealable order. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99-100 (Fla.1974). Accordingly, we relinquished jurisdiction to the trial court which then entered a partial final judgment that dismissed with prejudice all claims that we have subsequently concluded were possessed by Lauren Greene, as trustee of the bankruptcy estate. Accordingly, this partial summary judgment is now appealable by Ms. Greene. See Fla. R.App. P. 9.110(k).
When this appeal was filed, Ms. Greene was not a party. Indeed, Ms. Greene apparently was not even the trustee at that point. This case was briefed by both parties as if Ms. Losacano were the proper plaintiff and the person who possessed the causes of action that had been dismissed in the circuit court. Thereafter, however, United States Bankruptcy Judge Catherine Peek McEwen reopened the bankruptcy *68 case in May 2007 and appointed Ms. Greene as the trustee.
In essence, the trial court erred in this case because neither the court nor the parties understood the legal effect of the bankruptcy proceeding. When Ms. Losacano filed this lawsuit, she was the proper plaintiff and she "owned" the action against these defendants. When she filed bankruptcy, her assets became a part of her bankruptcy estate, which was administered by a trustee for the benefit of her creditors. 11 U.S.C.A. § 541 (setting forth what property is included within the bankruptcy estate). These assets included the action filed against these defendants, at least to the extent of the causes of action pleaded in the first two counts of the complaint seeking damages.[1] 11 U.S.C.A. § 541(a)(1).
If Ms. Losacano had properly included this lawsuit on her schedule of assets in the bankruptcy action, the trustee would have been notified of the asset. The lawsuit would have then proceeded with the trustee as the plaintiff as to counts one and two. See Fed. R. Bankr.P. 6009; Price v. Gaslowitz (In re Price), 173 B.R. 434 (Bankr.N.D.Ga.1994). The trustee could either have settled the case for the benefit of the creditors, or if it was determined to have no economic value, the trustee could have abandoned the asset. See Fed. R. Bankr.P. 6007; see also Nassau Sav. & Loan Ass'n v. Miller (In re Gulph Woods Corp.), 116 B.R. 423 (Bankr. E.D.Pa.1990).
The fact that Ms. Losacano did not schedule the lawsuit as property of the bankruptcy estate did not prevent it from becoming property of the estate. Instead, the lawsuit became unadministered property of her bankruptcy estate. 11 U.S.C.A. § 554(d) ("Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."); see also Billingham v. Wynn & Wynn, P.C. (In re Rothwell), 159 B.R. 374 (Bankr.D.Mass. 1993) (concluding that debtor's pending lawsuit, not included on his bankruptcy schedules, nonetheless became property of his bankruptcy estate, and debtor was thus prevented from disposing of that asset until the trustee abandoned it); Mele v. First Colony Life Ins. Co., 127 B.R. 82 (D.D.C. 1991) (concluding the plaintiff's action against the defendants was an unadministered asset of the plaintiff's bankruptcy estate, and therefore, the plaintiff was not a real party in interest and could not continue to prosecute the action).
This court, following oral argument, was concerned that the appeal could not proceed without notice to the bankruptcy court and either the appointment of a trustee or a formal abandonment of the lawsuit as an asset of the bankruptcy estate. Accordingly, we issued an unpublished order that stayed proceedings in this court for forty-five days and required Ms. Losacano to provide notice of this action to the bankruptcy court and to any current trustee.
*69 After the bankruptcy court reopened the bankruptcy proceedings and appointed Ms. Greene trustee, Ms. Greene appeared in this appeal, now represented by Ms. Losacano's attorney, asking that she be allowed to proceed on the two dismissed causes of action as trustee of the bankruptcy estate. Accordingly, we now proceed to resolve this appeal with Ms. Greene as the primary appellant.

III. THE TRUSTEE'S ACTION IS NOT BARRED BY JUDICIAL ESTOPPEL
At this point, it should be obvious that under basic principles of due process the trial court could not dismiss an action owned by the trustee without providing notice to the trustee and an opportunity to be heard. On remand, however, it is also clear that the trial court cannot dismiss this action based on the questionable discussion of judicial estoppel in Barger v. City of Cartersville, Georgia, 348 F.3d 1289 (11th Cir.2003).
In Barger, the Eleventh Circuit considered a case in which an employee sued an employer in federal court for discrimination. During the pendency of the action, Ms. Barger filed for bankruptcy protection. After she had obtained a bankruptcy discharge, the employer filed a motion for summary judgment seeking dismissal of the discrimination claim based on judicial estoppel. Even though Ms. Barger reopened the bankruptcy case, the district court entered summary judgment against the employee.
On appeal, the Eleventh Circuit observed:
Because Barger filed her bankruptcy petition after she filed her discrimination claims her discrimination claims are the property of the bankruptcy estate. See 11 U.S.C. § 541(a) (property of bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy). Accordingly, the Trustee is the real party in interest and it has exclusive standing to assert any discrimination claims. See Wieburg v. GTE Southwest Incorporated, 272 F.3d 302, 306 (5th Cir.2001) (finding that a trustee is the real party in interest with exclusive standing to assert claims which are property of the bankruptcy estate) (citations omitted).
Although it was Barger who pursued the discrimination claims in the district court and it was she who filed this appeal, the Trustee may succeed her position from this point forward by virtue of Federal Rule of Civil Procedure 25(c). Rule 25(c) states that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom interest is transferred to be substituted in the action or joined with the original party." Id. Since the district court never directed the Trustee to substitute for Barger or join her in this suit, the Trustee simply takes Barger's place from hereon.
Barger, 348 F.3d at 1292-93. Thus, although the Eleventh Circuit did not reverse the order to the extent that it dismissed the claim as prosecuted by Ms. Barger, it concluded that the bankruptcy trustee could simply substitute for Ms. Barger on remand and continue to prosecute the claims that had been dismissed against Ms. Barger.
The opinion in Barger then proceeds with a long discussion of judicial estoppel to determine whether Ms. Barger's monetary claims could be dismissed under this theory. Over Judge Barkett's dissent, 348 F.3d at 1297-98, the majority concluded that judicial estoppel barred her claims for monetary relief but not her claims for injunctive relief, 348 F.3d at 1295-97. This discussion seems odd because, as quoted above, the Eleventh Circuit had *70 already concluded that the claims had been transferred to the Trustee. Ms. Barger's actions could not and did not prevent the trustee from pursuing the claims possessed by the trustee. The monetary claim could not be split into a claim possessed by the trustee and a separate claim possessed by Ms. Barger. If she was to be sanctioned for failure to schedule the action as a bankruptcy asset, that issue would seem to be a matter more appropriate for the bankruptcy court to consider.
The Barger opinion was rapidly followed by several opinions that limited its precedential value. In Parker v. Wendy's International, Inc., 365 F.3d 1268 (11th Cir. 2004), the court held that judicial estoppel did not apply when the trustee pursued a similar claim against an employer.
The court stated:
Parker's discrimination claim became an asset of the bankruptcy estate when she filed her petition. Reynolds, as trustee, then became the real party in interest in Parker's discrimination suit. He has never abandoned Parker's discrimination claim and he never took an inconsistent position under oath with regard to this claim. Thus, Reynolds cannot now be judicially estopped from pursuing it.
Parker, 365 F.3d at 1272. Barger was further criticized or limited in In re Moore, 312 B.R. 902 (Bankr.N.D.Ala.2004); Baxley v. Pediatric Services of America, Inc., 147 Fed.Appx. 59 (11th Cir.2005) (unpublished opinion); and Wheeler v. Florida Department of Corrections, 2006 WL 2321114 (M.D.Fla. Aug.9, 2006). See also Cheng v. Diversified Invs., Inc. (In re An-Tze Cheng), 308 B.R. 448, 460 (9th Cir. BAP 2004) ("Viewed as a two-party dispute, imposition of judicial estoppel may be unremarkable, but the typical bankruptcy-related flaw in such analysis is the failure to take into account that an unscheduled cause of action is not the debtor's property and that the victims are the debtor's creditors.").[2]
We conclude that the action in this case was owned by Ms. Greene as trustee of the bankruptcy estate and could not be dismissed on any theory of judicial estoppel. In the event that Ms. Greene recovers a judgment in this action that exceeds all obligations owing to the creditors in the bankruptcy proceeding, then assets could revert to Ms. Losacano. 11 U.S.C.A. § 726. Whether at that point either the trial court or the bankruptcy court could impose a sanction against her for failure to list this asset on her schedules is a matter that we do not need to resolve today.
Reversed and remanded for further proceedings consistent with this opinion.
WHATLEY and STRINGER, JJ., Concur.
NOTES
[1] By contrast, any claim Ms. Losacano might conceivably have to enjoin the future speech of these defendants would involve rights and responsibilities arising after the filing of the petition for bankruptcy and, thus, would be owned by Ms. Losacano. Accordingly, it would appear that the trial court properly denied the motion for summary judgment as to the claim for injunction, and the defendants have not disputed this ruling. The trial court's holding in this regard, however, provides no reflection on the underlying merits of that claim. See, e.g., Animal Rights Found. of Fla., Inc. v. Siegel, 867 So.2d 451 (Fla. 5th DCA 2004) (addressing First Amendment implications arising from a similar cause of action).
[2] Additionally, we note the elements of judicial estoppel under federal law as applied in Barger may not be identical to the elements usually required under state law in Florida. See Blumberg v. USAA Cas. Ins. Co., 790 So.2d 1061 (Fla.2001); Ramsey v. Jonassen, 737 So.2d 1114 (Fla. 2d DCA 1999); Grau v. Provident Life & Accident Ins. Co., 899 So.2d 396 (Fla. 4th DCA 2005).