JACOBUS, J.
 

 This matter is before the court on appeal by William Hadden from an adverse summary judgment in favor of State Farm Fire & Casualty Company. State Farm raised as an affirmative defense the doctrine of judicial estoppel, and the trial court entered a summary judgment against Hadden based on that defense. Hadden asserts that this was error. We agree and reverse.
 

 Hadden owned real property in Orlando, Florida, that suffered hurricane damage in 2004. The property was insured under a policy with State Farm at the time. State Farm adjusted the claim and paid Hadden some $48,000. Because Hadden believed this sum was inadequate, he retained counsel and filed suit against State Farm. That lawsuit was filed September 18, 2006. Around the same time, Hadden was having financial difficulties and, unbeknownst to his lawyer, Hadden filed a pro se petition for federal bankruptcy protection on September 12, 2006. These circumstances gave rise to State Farm’s judicial estoppel defense.
 

 It is State Farm’s position that Had-den’s lawsuit is barred by judicial estoppel, which this court has described as “an equitable doctrine that is used to prevent litigants from taking totally inconsistent positions in separate judicial, including quasi-judicial, proceedings.”
 
 Smith v. Avatar Props., Inc.,
 
 714 So.2d 1103, 1107 (Fla. 5th DCA 1998). Seeking application of the doctrine in the present case, State Farm argues that Hadden did not properly disclose his insurance claim in the bankruptcy proceeding and therefore cannot now assert it in the state court action.
 

 
 *920
 
 The bankruptcy forms instructed petitioners to list all pending lawsuits. Since Hadden was unaware that the State Farm lawsuit had been filed (and, in fact, it had not been filed) at the time of his pro se bankruptcy petition, he did not include it among the pending lawsuits he listed. However, Hadden did make the following disclosure in identifying his personal property in Schedule B of the petition:
 

 Hurricane insurance claim on 30 N. Terry Ave., Orlando, FL.
 

 This was the address of the damaged real property that was the subject of Hadden’s State Farm lawsuit. Hadden’s list of losses in his statement of financial affairs similarly included an item described as:
 

 House Destroyed By Hurricane, Court Case Filed, Orange County, Florida, Pending.
 

 Hadden listed the date of the loss as August 2004.
 

 We express no opinion as to whether a bankruptcy court would find these descriptions adequate to disclose the State Farm lawsuit in the bankruptcy proceedings. Instead, we conclude only that they were sufficient to preclude the application of judicial estoppel in the state court action. The identifying information listed by Hadden is such that it cannot be said he maintained the inconsistent position in the bankruptcy proceeding that his State Farm action did not exist.
 
 [1]
 
 We therefore reverse the summary judgment, improperly entered as it was on judicial estoppel grounds.
 

 An issue remains as to who actually owns the State Farm lawsuit. Due to the nature of bankruptcy proceedings, we address this standing issue even though State Farm did not properly raise it below. Once Hadden filed his bankruptcy petition, the State Farm lawsuit became property of the bankruptcy estate subject to the trustee’s exclusive control.
 
 See
 
 11 U.S.C. § 541(a)(1) (2006);
 
 Cohen v. Arlington Heavy Hauling, Inc. (In re Engelbrecht),
 
 368 B.R. 898, 901 (Bankr.M.D.Fla.2007). The lawsuit remains the sole property of the bankruptcy estate until it is abandoned by the trustee.
 
 See
 
 11 U.S.C. § 554(d) (2006);
 
 Mele v. First Colony Life Ins. Co.,
 
 127 B.R. 82, 84 (D.D.C.1991). It goes without saying that Hadden has no standing to pursue the lawsuit while it belongs to the bankruptcy estate.
 

 Unfortunately, it is unclear from the record before us what the status of the bankruptcy was at the time of the summary judgment. The only thing that is clear is that there was never any notice given to the bankruptcy court or the bankruptcy trustee about the summary judgment, and the trustee did not participate in the state court litigation in any way. The record is silent about whether there has been a discharge in bankruptcy, whether the case has been closed, or whether there has been an abandonment of the lawsuit by the trustee. Such matters are crucial for resolving the standing issue.
 

 In any event, we are concerned that the underlying action cannot proceed without notice to the bankruptcy court and either the appointment of a trustee or a formal abandonment of the lawsuit as an asset of the bankruptcy estate. Accordingly, in addition to reversing the summary judgment, we remand the cause with directions to the trial court to order that the bankruptcy
 
 *921
 
 court be notified of this lawsuit.
 
 [2]
 
 If there is an existing trustee or one is appointed, he or she can abandon the State Farm lawsuit or request to be substituted as the proper party plaintiff. If the trustee abandons the lawsuit, thereby removing it from the bankruptcy estate, Hadden will be free to proceed with the action.
 

 REVERSED and REMANDED with instructions.
 

 PALMER and LAWSON, JJ., concur.
 

 [1]
 

 . We note that the elements of judicial estop-pel in bankruptcy proceedings under federal law may not be identical to those typically required by state law in Florida.
 
 Losacano v. Deaf & Hearing Connection of Tampa Bay, Inc.,
 
 988 So.2d 66, 70 n. 2 (Fla. 2d DCA 2008).
 

 [2]
 

 .
 
 Cf. Losacano,
 
 988 So.2d at 67-69 (adopting a similar approach under similar circumstances).