SALTER, J.
Fernando Montes and his wife appeal a final summary judgment against them in favor of Mastec North America, Inc. The circuit court lawsuit arose from personal injuries sustained by Mr. Montes, a condominium security guard, in 2008 when a ladder owned or used by Mastec allegedly fell on him, with resulting medical expenses exceeding $100,000. The final summary judgment was based on Mr. Montes’ failure to disclose his potential (then unfilled) lawsuit against Mastec in the “contingent and unliquidated claims” section of his Chapter 13 personal bankruptcy in 2010. We reverse.

Chronology

The pertinent dates and events are:
• April 2008 — Alleged injury.
• September 2009 — Mr. Montes and his wife consulted with a personal injury attorney regarding the alleged incident. That law firm declined to take the case.
• October 2009 — Mr. Montes and his wife consulted a second law firm (“K&G”), which agreed to take the case. In the same month, K&G sent a letter to the condominium where the injury occurred advising that a liability claim would be made against the condominium and DirectTV (the vendor allegedly using the ladder at the time of Mr. Montes’ accident).
• March 2010 — K&G sent a letter to the condominium’s insurance carrier summarizing the claim and theory of liability-
• April 2010 — a separate law firm, RS, filed a joint petition for bankruptcy relief on behalf of Mr. Montes and his wife, under Chapter 13 (individual debt adjustment) of the United States Bankruptcy Code. The potential — as yet unfiled — lawsuit against Mastec was not listed in the Schedule B (contingent and unliquidated claims) section of the petition.
• July 2010 — the bankruptcy court entered an order approving Mr. Montes’ and his wife’s Chapter 13 plan for paying their creditors. That order did not close the Chapter 13 case or discharge Mr. Montes or his wife from any indebtedness.
• March 2011 — K&G filed suit against Mastec in the circuit court on behalf of Mr. Montes and his wife.
• June 7, 2012 — Mastec moved for summary judgment on grounds of judicial estoppel. K&G maintains that it first became aware of the bankruptcy petition on that date. The bankruptcy case was still pending.
• June 22, 2012 — Mr. Montes and his wife, with the assistance of their bankruptcy attorney, filed amended documents (a) including the lawsuit against Mastec as a contingent and unliquidat-ed claim in the still-pending bankrupt *1197 cy case, and (b) representing that any funds recovered would be included in the assets to be administered.
• September 10, 2012 — the circuit court granted Mastec’s motion for summary judgment based on judicial estoppel.
This timely appeal followed.[1]

Analysis

Mastec argues for affirmance on two separate grounds. First, Mastec argues that Mr. Montes and his wife lack standing to bring the circuit court lawsuit, because once they commenced the bankruptcy, all of them assets, including the lawsuit, became the property of the bankruptcy trustee. Second, Mastec maintains that the summary judgment was properly granted based upon judicial estoppel.
Regarding standing, Mastec’s argument is based on an erroneous proposition. In a Chapter 7 liquidation proceeding, a bankruptcy trustee retains control over a state court lawsuit or cause of action of the debtor. In a Chapter 13 bankruptcy case, however, “the debtor retains possession of and may use all the property of his estate, including his prepetition causes of action.” Aery v. Wallace Lincoln-Mercury, LLC, 118 So.3d 904, 911 (Fla. 4th DCA 2013) (quoting Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1209 n. 2 (3d Cir.1991)). Mr. Montes and his wife had and have standing to proceed with their lawsuit.
Regarding judicial estoppel, Mastec relies principally on Blumberg v. USAA Casualty Insurance Co., 790 So.2d 1061 (Fla.2001). In that case, Richard Blum-berg alleged that his insurance agent had been negligent in procuring appropriate coverage under his residential insurance policy. In a prior lawsuit directly against the insurer, however, Blumberg had (a) alleged that such coverage existed, (b) recovered a jury verdict in his favor awarding damages for his alleged losses, and (c) dismissed that lawsuit with prejudice before the entry of judgment because of Blumberg’s exposure to attorney’s fee claims by the insurer under the offer of judgment rules.
The Blumberg case is readily distinguishable. Mr. Montes and his wife never obtained a verdict after trial inconsistent with a later lawsuit. At the time they filed their bankruptcy petition, it was unclear that a lawsuit would be filed at all. They had a bankruptcy lawyer for their bankruptcy petition, and a different lawyer evaluating their tort claim. The phrase “contingent and unliquidated claim” is a legal term that may be confusing to a lay person, particularly when it is as yet undetermined whether a particular pre-petition injury is actionable and ripe for filing.
In the present case, Mr. Montes and his wife promptly amended their bankruptcy schedules and their proposed Chapter 13 plan after Mastec raised the omission in their circuit court lawsuit. Because their joint Chapter 13 case remained pending at that time, no creditor was defrauded.
Mastec’s reliance upon Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir.2002), is equally unavailing. In that case, a Chapter 13 debtor failed to report his potential (as yet unfiled) claim for employment discrimination. His lawsuit was filed six months later. In Bumes, however, the debtor never amended his Chapter 13 schedule to include the lawsuit. The debt- or converted his Chapter 13 bankruptcy to a Chapter 7 liquidation and obtained a complete discharge of his debts, despite having never disclosed the existence of his lawsuit. In the present case, Mr. Montes and his wife amended their schedules and *1198 plan in a still-pending ease, and they did not obtain a discharge from indebtedness under Chapter 7.[2]
Finally, Mastec’s reliance on Grau v. Provident Life & Accident Insurance Co., 899 So.2d 396 (Fla. 4th DCA 2005), is misplaced. In that case, the district court of appeal actually reversed a trial court’s summary judgment based on judicial es-toppel. Dr. Gerard Grau filed for Chapter 11 bankruptcy following the entry of an adverse medical malpractice judgment. In his bankruptcy schedules, he listed two personal disability insurance policies valued at “$0.00” “because he was unsure whether he was ‘disabled’ when he filed bankruptcy.” Id. at 397. Two years later, Dr. Grau converted his Chapter 11 proceeding to a Chapter 7 liquidation. During a creditors’ meeting, Dr. Grau testified that he had recently become disabled and that he was working on filing a claim for disability benefits. A year later, he was permitted to amend his bankruptcy schedules to claim a state exemption[3] for the disability policies. Dr. Grau then filed lawsuits against his disability insurers seeking benefits under the policies. His Chapter 7 trustee testified that Dr. Grau had told him that “‘he was, in fact, not disabled.’ ” Id. at 398. The circuit court granted the insurers’ motion for summary judgment on the basis of judicial estoppel.
The Fourth District, applying Blumberg, reversed the summary judgment. “To find that a party to be estopped has successfully maintained a claim or position requires that the first court adopt the claim or position, ‘either as a preliminary matter or as part of a final disposition.’ ” Grau, 899 So.2d at 401 (quoting Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 599 n. 5 (6th Cir.1982)). The Fourth District also found judicial estoppel inapplicable because the insurers were not parties to the bankruptcy action. In the present case, the bankruptcy court did not rely on the presence or absence of a recovery in the personal injury suit, obviously there has been no such recovery to date, any such recovery will be part of the amended plan, and Mastec was not a creditor or otherwise involved in the bankruptcy case of Mr. Montes and his wife. Here, as in Grau, we “decline the [defendant’s] invitation to apply judicial estoppel punitively against [the debtor], bestowing a windfall upon [the defendant].” Grau, 899 So.2d at 402.
For these reasons, the final summary judgment is reversed and the case is remanded to the circuit court for further proceedings.

. Mr. Montes and his wife appealed that order, but the order was not final. They later filed an unopposed motion for relinquishment, which we granted, and a final judgment was entered by the trial court.

. In a similar case cited by Mastec, De Leon v. Comcar Industries, Inc., 321 F.3d 1289 (11th Cir.2003), judicial estoppel was upheld as applied to a debtor’s failure to disclose an employment discrimination and retaliation claim in his bankruptcy petition under Chapter 13. As described in Losacano v. Deaf & Hearing Connection of Tampa Bay, Inc., 988 So.2d 66, 70 n. 2 (Fla. 2d DCA 2008), the elements of judicial estoppel under federal law in such cases "may not be identical to the elements usually required under state law in Florida.”

. § 222.18, Fla. Stat. (2001).