DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WALTOGUY ANFRIANY** and **MIRELLE ANFRIANY,**
Appellants,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY,** as Trustee, In Trust for the Registered Holders of Argent Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-W4,
Appellee.

No. 4D16-4182

[December 6, 2017]

Petition for writ of certiorari being treated as a final appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Peter D. Blanc, Judge; L.T. Case No. 50-2008-CA-022070.

Brian K. Korte and Scott J. Wortman of Korte & Wortman, P.A., West Palm Beach, for appellants.

Julissa Rodriguez and Stephanie L. Varela of Greenberg Traurig, P.A., Miami, and C. Wade Bowden and Tyrone Adras of Greenberg Traurig, P.A., West Palm Beach, for appellee.

CONNER, J.

The appellants (collectively "Anfriany") petitioned for certiorari to review the trial court's order vacating their entitlement to attorney's fees and costs in the underlying foreclosure action initiated by the appellee, Deutsche Bank National Trust ("the Bank"). This Court ordered that the case be treated as a final appeal pursuant to Florida Rules of Appellate Procedure 9.110 and 9.030(b)(1)(A).

Anfriany raises substantive issues regarding the application of judicial estoppel to bar his entitlement to fees and costs, and a procedural issue. Because the trial court applied the wrong standard in dismissing the entitlement based on judicial estoppel, we reverse and remand for further proceedings. We do not address the procedural issue raised.

*Background*

The Bank filed the underlying foreclosure action against Anfriany and others in 2008. The trial court granted the Bank's voluntary dismissal without prejudice. In May 2011, Anfriany, through foreclosure counsel, moved to tax attorney's fees and costs. In May 2012, the trial court granted the motion and ordered that Anfriany was entitled to reasonable attorney's fees and costs ("the fee entitlement order"), and if the parties could not agree on the amount, Anfriany would set the matter for an evidentiary hearing.

In May 2013, Anfriany filed a Chapter 11 voluntary bankruptcy petition, represented by separate bankruptcy counsel. The petition included bankruptcy schedules and a statement of financial affairs, which required Anfriany to disclose and list the value of "all personal property of the debtor of whatever kind," including "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." Anfriany did not list any assets in the contingent claims category. When Anfriany amended his personal property schedule later that year, he again did not list such assets. In 2014, the bankruptcy court confirmed Anfriany's reorganization plan based on his affidavits and disclosures. Subsequently, the bankruptcy court granted Anfriany's motion to temporarily and administratively close the case. Because it was a Chapter 11 bankruptcy, Anfriany's debts were not discharged under the approved reorganization plan.

In October 2015, Anfriany requested the trial court in the foreclosure action to hold an evidentiary hearing on his motion for attorney's fees and costs. The purpose of the hearing was "to determine the reasonable amount of attorney's fees and costs."

In September 2016, the Bank moved to vacate the fee entitlement order. In the motion, the Bank asserted that Anfriany's claim for attorney's fees was barred by judicial estoppel because Anfriany failed to disclose in his bankruptcy case his award of entitlement to attorney's fees and costs, which was a contingent and unliquidated asset. The Bank argued that Anfriany therefore misled "the bankruptcy court and creditors to believe that he had fewer assets from which he could pay his creditors." Thus, because Anfriany was taking inconsistent positions before the bankruptcy and foreclosure courts, the Bank asserted that judicial estoppel should bar his recovery.

In his written response to the motion, Anfriany argued that judicial estoppel did not bar his claim for fees and costs. Anfriany asserted that, because a Chapter 11 bankruptcy petition does not discharge his debts, he did not deprive any creditors of their rights to collect amounts owed;

2

thus, no parties were prejudiced by his omission. Additionally, Anfriany argued that he himself was unaware that attorney's fees are legally classified as an "asset" and his bankruptcy counsel was unaware of the attorney's fees claim; thus, the omission was not an attempt to conceal assets.

A hearing was held on the Bank's motion to vacate, and the trial court made the following conclusion:

> Okay. Relying upon the case of *Coastal Plains*, which is 179 F.3d 197, which says, "Considering judicial estoppel for bankruptcy cases," it doesn't say Chapter 7. It says for bankruptcy cases. "The debtor's failure to satisfy statutory disclosure is 'inadvertent' only when in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."

> That seems to very clearly apply to the facts of this case, so I believe the Court has no discretion. But under a common sense interpretation of that language, even if the Court had discretion, it seems like its discretion is limited.

> Because the record states in this case that -- well, the record does not indicate that the debtor lacked knowledge of the undisclosed claims. Clearly, the debtor had no motive for concealment, whether it's inadvertent or not, it doesn't carry any weight, and the Court is obligated to find that judicial estoppel applies and bars the further pursuit of the attorney's fees claims.

As such, the trial court granted the Bank's motion.

Anfriany gave notice of appeal.

*Appellate Analysis*

We employ a mixed standard of review of a judicial estoppel claim. *See Bueno v. Workman*, 20 So. 3d 993, 997 (Fla. 4th DCA 2009). "To the extent the trial court's order is based on factual findings, [the appellate court] will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review." *Id.* (quoting *Foreclosure FreeSearch, Inc. v. Sullivan,* 12 So. 3d 771, 774 (Fla. 4th DCA 2009)).

Anfriany raises two substantive issues regarding the application of judicial estoppel to bar his claim for fees and costs. First, he argues that

the fee award was not his asset, but an asset of his attorney. Second, he argues the trial court improperly failed to consider the nature of the bankruptcy filing (reorganization of debt versus discharge of debt) and whether his failure to disclose was inadvertent. We affirm without discussion the first argument; we address the second argument.

"Judicial estoppel is an equitable doctrine that is used to prevent litigants from taking totally inconsistent positions in separate judicial, including quasi-judicial, proceedings." *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1066 (Fla. 2001) (quoting *Smith v. Avatar Props., Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998)). This Court has explained that judicial estoppel "protects the integrity of the judicial process and prevents parties from making a mockery of justice by inconsistent pleadings and playing fast and loose with the courts." *Grau v. Provident Life & Accident Ins. Co.*, 899 So. 2d 396, 400 (Fla. 4th DCA 2005) (internal quotations and citations omitted). Judicial estoppel is imposed because "*intentional self-contradiction* is being used as a means of obtaining an unfair advantage in a forum provided for suitors seeking justice." *Scarano v. Cent. R. Co. of N.J.*, 203 F.2d 510, 513 (3d Cir. 1953) (emphasis added).

Our supreme court in *Blumberg* described the doctrine of judicial estoppel under Florida law as follows:

> In order to work an estoppel, the position assumed in the former trial must have been successfully maintained. In proceedings terminating in a judgment, the positions must be clearly inconsistent, the parties must be the same and the same questions must be involved. So, the party claiming the estoppel must have been misled and have changed his position; and an estoppel is not raised by conduct of one party to a suit, unless by reason thereof the other party has been so placed as to make it to act in reliance upon it unjust to him to allow that first party to subsequently change his position. *There can be no estoppel where both parties are equally in possession of all the facts pertaining to the matter relied on as an estoppel*; where the conduct relied on to create the estoppel was caused by the act of the party claiming the estoppel, or where the positions taken involved solely a question of law.

*Blumberg*, 790 So. 2d at 1066 (emphasis added) (quoting *Chase & Co. v. Little*, 156 So. 609, 610 (1934)).

In *Grau*, we noted that *Blumberg* "reshaped" and "broadened" the Florida doctrine of judicial estoppel announced in 1934 by the court in

4

*Chase & Co.* in three ways. *Grau*, 899 So. 2d at 399. The court: (1) recognized an exception to the general rule that there be mutuality of parties between an earlier proceeding and the later one in which judicial estoppel is applied; the court held that mutuality of the parties is not required where "special fairness and policy considerations" compel application of the doctrine; (2) "appears to have dispensed with the *Chase & Co.* requirement that the 'party claiming the estoppel must have been misled and have changed his position' by the other party's conduct in the earlier suit";[1] and (3) held that a jury verdict met the requirement of successfully maintaining a position in a prior suit, even though no final judgment was entered. *Id.* at 399-400.

*Grau* described the post-*Blumberg* rule of judicial estoppel as follows:

> A claim or position successfully maintained in a former action or judicial proceeding bars a party from making a completely inconsistent claim or taking a clearly conflicting position in a subsequent action or judicial proceeding, to the prejudice of the adverse party, where the parties are the same in both actions, subject to the "special fairness and policy considerations" exception to the mutuality of parties requirement.

*Id.* at 400 (footnotes omitted). Additionally, we observed in *Grau* that "[t]he 'prejudice' component of judicial estoppel occurs when 'the party seeking to assert an inconsistent position *would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.*'" *Id.* at 400 n.3 (emphasis added) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)); *see also S. Fla. Coastal Elec., Inc. v. Treasures on Bay II Condo*

---

[1] We note that the case law from this and other districts after *Grau* contends that judicial estoppel has an element of misleading the other party on a factual matter upon which the other party relied. *See Bueno*, 20 So. 3d at 997 ("The elements of judicial estoppel are the same as equitable estoppel, with the added elements of successfully maintaining a position in one proceeding, while taking an inconsistent position in a later proceeding, in which the same parties and questions are involved.") *Fintak v. Fintak*, 120 So. 3d 177, 186 (Fla. 2d DCA 2013) (holding that for judicial estoppel to apply, "the party claiming estoppel must have relied on or been misled by the former position" and "the party seeking estoppel must have changed his or her position to his or her detriment based on the representation").

*Ass'n*, 89 So. 3d 264, 269 (Fla. 3d DCA 2012) (stating that the positions must be "inherently inconsistent").

In this case, the trial court erred by failing to properly apply the Florida doctrine of judicial estoppel. Instead, the trial court relied on *In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir. 1999), a Fifth Circuit case, to conclude that judicial estoppel applied. Below, both parties cited to Florida and federal cases discussing judicial estoppel, but failed to alert the trial court that "the elements of judicial estoppel under federal law in such cases 'may not be identical to the elements usually required under state law in Florida.'" *Montes v. Mastec N. Am., Inc.*, 132 So. 3d 1195, 1198 n.2 (Fla. 3d DCA 2014) (quoting *Losacano v. Deaf & Hearing Connection*, 988 So. 2d 66, 70 n.2 (Fla. 2d DCA 2008)).

Thus, because the trial court did not apply the Florida judicial estoppel doctrine as iterated in *Blumberg* and *Grau*, we are compelled to reverse. We conclude that judicial estoppel does not bar the claim for attorney's fees for two reasons.

First, as stated in *Blumberg*, "[t]here can be no estoppel where both parties are equally in possession of all the facts pertaining to the matter relied on as an estoppel." 790 So. 2d at 1066 (quoting *Chase & Co.*, 156 So. at 610). Here, the Bank was a creditor in the bankruptcy proceeding and was as aware of the fee entitlement order as Anfriany.

Second, Anfriany's asserted inconsistent position of not disclosing the fee entitlement order in the bankruptcy proceeding did not "derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Grau*, 899 So. 2d at 400 n.3 (quoting *New Hampshire*, 532 U.S. at 751). In other words, the record fails to show any prejudice to the Bank. Anfriany's entitlement to fees had already been fully litigated, and no assertions by Anfriany in the bankruptcy proceeding were inconsistent with the facts justifying the fee entitlement order. The trial court made a specific finding that Anfriany had no motive to conceal the fee entitlement order in the bankruptcy proceeding.[2] If there was no motive to conceal, the facts do not support either a finding or conclusion that "*intentional*

---

[2] In his reply brief, Anfriany raises issues regarding the lack of "evidence" to support the trial court's decision and the burden of proof for judicial estoppel. However, because these two issues were never raised below or in the initial brief, we state no opinion on these issues. *See United Auto. Ins. Co. v. Hollywood Injury Rehab Ctr.*, 27 So. 3d 743, 744 n.1 (Fla. 4th DCA 2010) ("That issue was not raised in this case until the filing of the reply brief. Matters argued for the first time therein will not be considered by the reviewing court.").

6

*self-contradiction* is being used as a means of obtaining an unfair advantage in a forum provided for suitors seeking justice." *Id.* at 401 (emphasis added) (quoting *Scarano*, 203 F. 2d at 513).

Instead, the record before us leads us to the same conclusion this Court reached in *Grau*: To apply judicial estoppel to Anfriany's entitlement to fees and costs would bestow a windfall in favor of the Bank. Therefore, we quash the trial court order vacating and dismissing Anfriany's entitlement to attorney's fees and costs based on judicial estoppel and remand the case to the trial court for further proceedings.

*Reversed and remanded.*

DAMOORGIAN and FORST, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***